The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Chapman. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as
STIPULATIONS
1. The employee of the state involved was Officer Ivey L. Stancil.
2. Officer Stancil was an employee of the North Carolina Department of Corrections, an agency of the State of North Carolina, and he was acting at the time within the scope of his employment.
***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. As of December 1995, plaintiff had been in the custody of the Department of Corrections for over three years. He was assigned to Odom Correctional Institute where he had a cell in dormitory 4B. He had been at this location for less than one year at the time in question.
2. On December 19, 1995 plaintiff returned to his dorm from supper at approximately five thirty p.m. As he was walking to his cell, he passed by the cell of Perry Bristol, another inmate, and noted that the inmate's belongings were packed and that he was talking with Officer Stancil. After brushing his teeth, plaintiff went to the common area of his unit and began to play cards with some other inmates. His back was facing the door during the ten minutes that he played cards. Suddenly, without warning, Perry Bristol and Dwight Eppes came up from behind him and inmate Bristol stabbed him in the upper back with what appeared to be a long piece from a pair of scissors. Inmate Eppes then stabbed him with an ice pick. Plaintiff lunged for the floor and managed to scramble into a nearby cell before he could be stabbed again. Although he was secure in the cell, he had to wait for an officer to arrive before he could get medical attention.
3. There were no correctional officers in the dorm at the time of the assault. Officer Stancil had left that unit and was helping an officer feed inmates in another unit. There were never enough officers at the prison to have one present in every unit, so the procedure used there was for an officer to check each unit at variable times every twenty to thirty minutes.
4. Officer Branch was monitoring the canteen line when he heard the disturbance. He radioed for help and then ran to the unit. He saw inmates Bristol and Eppes in the hall and ordered them to drop whatever they were holding. An unknown lieutenant also came to the unit. Someone discovered that plaintiff had been hurt, so after the two inmates were restrained he was rushed to the hospital where it was apparently discovered that a piece of the scissors had broken off and lodged in his spine. The doctor attempted to remove it but was unsuccessful. Ultimately, the decision was made to leave the piece there to avoid further damage. Consequently, plaintiff did not undergo surgery. He was admitted to the hospital and treated with medication.
5. Plaintiff had not had previous problems with the two inmates who assaulted him on this occasion. In fact, he had considered them to be friends and was surprised that they attacked him. He had not advised any of the prison personnel that he was in danger and the prison staff was not aware that there was a special danger involving the two inmates. Otherwise, plaintiff would have been placed in protective custody. In addition, neither plaintiff nor prison staff were aware that the two inmates had obtained weapons. Before the incident in question, the staff had followed prison policy by periodically doing spot checks and "shake downs" looking for contraband throughout the prison, and that they had searched individual inmates each day.
6. On December 19, 1995 Officer Stancil did not breach his duty of care to plaintiff by leaving dormitory 4B in order attend to other duties. Neither he nor any of the officers were required to be in the dorm at all times. He had no knowledge of the impending assault any more than plaintiff did. Under the circumstances, the attack was not foreseeable.
7. Officer Stancil acted as a reasonably prudent person on December 19, 1995. Plaintiff's injuries on that date were not due to any breach of Officer Stancil's duty of care to him.
***********
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
The injuries plaintiff sustained on December 19, 1995 were not due to any negligence on the part of Officer Ivey Stancil. N.C. GEN. STAT. § 97-143.
***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following
ORDER
1. This claim is hereby DENIED.
2. Each side shall pay its own costs.
***********
This the second day of September 1997.
 S/ ____________ LORRIE L. DOLLAR DEPUTY COMMISSIONER
CONCURRING:
S/ ____________ BERNADINE BALLANCE COMMISSIONER
S/ ____________ LAURA K. MAVRETIC COMMISSIONER
LLD:cll